MARY LE MAY, as Administratrix of the Estate of JAMES LE MAY, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Third Department, June 29, 1945.

*Mackrell & Ranney*, attorneys for appellant.

*Thomas J. O'Connor*, attorney (*Eugene V. Coffey* of counsel), for respondent.

LAWRENCE, J. The action is upon two policies of life insurance issued by the defendant company. Each of the policies has similar provisions regarding indemnity for accidental death. The parties have stipulated that death was accidental.

The policies were issued in 1932 and were upon a weekly payment basis. One was for the face amount of $370. The other was for the face amount of $594. The policies contained a provision that if premiums should not be paid when due, the policies would lapse, subject to the provisions for a grace period and subject to the nonforfeiture privileges, and that the lapse should not be considered as waived by the acceptance of overdue

premiums. A grace period of four weeks for the payment of premiums was provided for in the policies.

The insured person died June 29, 1939. The premium payment due May 29, 1939, was not paid and no premium was paid thereafter. It would therefore seem that the policies had lapsed for nonpayment of premiums except for the features regarding nonforfeiture provisions.

The accidental benefits were not separate policies but were a part of each policy and the weekly premium payment included the premium for the accidental death benefits. The accidental death benefit in each policy provided that upon receipt of proof of accidental death (which is stipulated here) and while the policies were in force and while premiums were not in default beyond the grace period, the company would pay an accidental death benefit equal to the face amount of the insurance payable at death.

The policies in suit lapsed for nonpayment of premiums on different occasions and were revived upon application and upon the insured's agreement that a lien for the unpaid premiums should be imposed against the policies, with interest, unless paid in cash, and should be deducted from any amount payable under the policies and should be deducted in calculating cash surrender values.

Under the nonforfeiture privileges a cash surrender value was provided for which, in the case of one policy, was $73.33 after deducting the liens for unpaid premiums because of previous lapses amounting to $15.54, and a surrender charge of $9.25. From this it appears that the reserve on this policy was $98.12. In the same manner the cash surrender value of the other policy was found to be $44.07 after deducting liens for unpaid premiums on previous lapses and surrender charges. The reserve value thus obtained shows such value to be $74.91.

The nonforfeiture features of the policies provided that after premiums on the policies had been paid for three years, then, in case of default in the payment of any subsequent premium, the company would, without action on the part of the insured, continue the policies as nonparticipating, free policies payable on the same conditions for a reduced amount without disability benefits. The defendant claims that, under this provision, its limit of liability under the policies, after the expiration of the grace period, would be what the reserve in each policy would purchase after deducting the liens for unpaid premiums arising because the policies had lapsed.

Evidence by actuaries indicates that the surrender value in the case of one policy would purchase the so-called free policy

in the sum of $107.05 as paid-up insurance, and that the surrender value of the other policy would purchase paid-up insurance in the sum of $81.44. The sums are claimed by the defendant to be its only obligation under the policies. The company, however, proceeded to determine its liability under the so-called concession agreement, dated March 1, 1939, which was not a part of the policies and which was never agreed to by the holder of the policies. The trial court did not allow this concession agreement to be considered as it was not a part of the policies. Under this concession agreement, the defendant company was allowed to give evidence of its liability under one policy and determined it to be $366.87. Under the other policy the determination of liability was $594.81, which sums were paid to the plaintiff. The so-called concession agreement, which is a letter directed to the field agents of the defendant company, eliminated disability and accidental death benefits and substituted some term insurance features which are not a part of the policies and have not been considered.

These same policies were before this court (262 App. Div. 313) and their provisions were there interpreted. The concession agreement was eliminated as not a part of the contract. The question of waiver by payment after knowledge of default was not passed upon. Decision was based upon the provisions of former section 88 of the Insurance Law. After that decision the pleadings were amended in certain respects and the defendant claims that the present issues are entirely new under the amended pleadings.

Evidence was submitted by defendant on the theory that the concession agreement controlled, under which payments of $366.87 on one policy and $594.81 on the other policy were made.

The trial court refused to find waiver and disregarded the concession letter as not part of the policies. The trial court followed the interpretation of the policies previously made by the Appellate Division and directed a verdict for $931.94 and interest.

The evidence of reserve values and surrender values was not before the appellate court when its decision was made and its opinion so states. In the case as it now stands reserves as well as surrender values were sufficient to continue the insurance for a period far beyond the period of lapse.

Section 88 of the Insurance Law, as it stood at the time the policies in suit were issued and so far as applicable here, provides: " If any policy of life insurance (other than a term policy for twenty years or less), issued on or after January first, nineteen hundred and seven, by any domestic life insur-

ance corporation, after being in force three full years, shall by its terms lapse or become forfeited by the nonpayment of any premium * * * the reserve on such policy * * * together with the value of any dividend additions upon said policy, after deducting any indebtedness to the company * * * shall upon demand not later than three months after the date of lapse with surrender of the policy be applied as a surrender value as agreed upon in the policy, provided that if no other option expressed in the policy be availed of by the owner thereof, and if the policy itself does not direct what option shall become operative in default of selection by the owner, the same shall be applied to continue the insurance in force at its full amount including any outstanding dividend additions less any outstanding indebtedness on the policy * * * and provided further that any attempted waiver of the provisions of this paragraph in any application, policy or otherwise, shall be void.''

It is contended by the defendant that the proviso above-quoted controls here and that the nonforfeiture features of the policies automatically provided for a free policy, that is, paid-up insurance — in a reduced amount — and further that such proviso was not considered by the appellate court but was omitted from the typewritten quotation by the writer of the opinion. The proviso is contained in the opinion as printed. No appeal has been taken from that decision.

The provision permitting the issuance of a so-called free policy — that is, reduced paid-up insurance — is permissive. In this case no option was availed of by the owner and none was exercised by the company prior to the death of the insured. Death fixed the benefits and no right of selection was possible thereafter. The defendant recognized the continued validity of the policies by making payments thereunder. To hold that during the brief period before death there was a time when the policies were not in force would defeat the purpose of the statute. During that time there was a sufficient reserve to pay all premiums in order to continue the insurance at its full amount. This the company should have recognized and did recognize by payment after death. The company should not now be permitted to adopt a procedure which was not contemplated by the policies.

The judgment should be affirmed, with costs.

HILL, P. J., HEFFERNAN and BREWSTER, JJ., concur; FOSTER, J., taking no part.

Judgment affirmed, with costs. [See *post*, p. 913.]